IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHERWOOD ESTATES CONDO ASSOCIATION,<br><br>    *Plaintiff*,<br><br>    v.<br><br>NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>    *Defendant*. | No. 20 C 6828<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Heatherwood Estates Condo Association ("Heatherwood") filed suit against its insurer Defendant Nationwide Property & Casualty Insurance Company ("Nationwide") for breach of contract following Nationwide's denial of insurance coverage for wind and hail damage to Heatherwood's insured properties. Before the Court are the parties cross-motions for summary judgment. For the following reasons, Nationwide's motion for summary judgement [14] is granted and Heatherwood's motion for partial summary judgment [21] is denied.

## BACKGROUND

Heatherwood owns 30 condominium buildings that are insured through a policy with Nationwide (the "Policy"). (Dkt. 22 at ¶¶ 8–9). In relevant part, the Policy contains a suit limitation provision requiring that any action brought against Nationwide must be "brought within 1 year after the date on which the direct physical loss or damage occurred." (*Id*. at ¶ 20). This one-year period is tolled, however, "by the number of days between the date the proof of loss is filed with [Nationwide] and the date [Nationwide] den[ies] the claim in whole or in part." (*Id*. at ¶ 21).

1

On January 8, 2018, Heatherwood submitted an insurance claim to Nationwide for alleged wind and hail damage to its insured properties on July 23, 2017. (*Id*. at ¶¶ 24). Among other losses, Heatherwood claimed wind and hail damage to the roof shingles, aluminum siding, and vents on all 30 of its condominiums. (*Id*. at ¶ 25). Nationwide retained Donan Engineering Company, Incorporated ("Donan") to inspect the insured properties. (*Id*. at ¶ 28). Donan issued a report (the "Donan Report") concluding that while the property evidenced some signs of damage, there were no signs of wind or hail damage to the roof shingles. (*Id*. at ¶ 29). On August 6, 2018, based on the findings of the Donan Report, Nationwide approved coverage for Heatherwood's claim in the amount of $386,370.97, with $49,774.81 in recoverable depreciation costs, and provided Heatherwood with a detailed breakdown of the costs included in the estimate. (*Id*. at ¶¶ 33, 36) (Dkt. 14 at Ex. E–G). Consistent with the Donan Report, the approved amount did not include loss from damage to roof shingles. (Dkt. 14 at Ex. E). On July 22, 2019, Heatherwood sent Nationwide a sworn proof of loss statement claiming the total loss sustained amounted to $4,916,453.81 and seeking $4,891,453.81 in coverage. (Dkt. 22 at ¶ 38). Nationwide declined to accept the proof of loss statement on July 31, 2019. (*Id*. at ¶ 39). On October 14, 2020, Heatherwood filed suit against Nationwide claiming Nationwide breached its obligations under the Policy by failing to provide full coverage of its losses. (Dkt. 1).

## **LEGAL STANDARD**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g., Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 485 (7th Cir. 2019). As the "'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible

evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citation omitted). The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (citation omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id*.

## DISCUSSION

Nationwide moves for summary judgment that Heatherwood's action is barred by the Policy's one-year suit limitation provision. Heatherwood moves for partial summary judgment that Nationwide waived its right to rely on the limitation provision when it failed to provide Heatherwood with notice of the time remaining to file suit as required by 50 Ill. Admin. Code § 919.80(d)(8)(C). Both parties agree that Illinois law governs the dispute at hand. *See Allen v. Cedar Real Est. Grp., LLP*, 236 F.3d 374, 380 (7th Cir. 2001) ("In a diversity case, we apply federal procedural law and state substantive law.").

### I. Suit Limitation Provision

Suit limitation provisions in insurance contracts are valid and enforceable under Illinois law, such that "compliance with the suit limitation provision of the policy is a condition precedent to recovery under a policy." *Cramer v. Insurance Exch. Agency*, 675 N.E.2d 897, 905 (Ill. 1996); *see also Country Preferred Ins. Co. v. Whitehead*, 71 N.E.3d 338, 341(Ill. App. Ct. 2016). Section 143.1 of the Illinois Insurance Code, however, is "an important statutory restriction on such limitation provisions," providing that: "[w]henever any policy or contract for insurance … contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the

date the claim is denied in whole or in part." *Am. Access Cas. Co. v. Tutson*, 948 N.E.2d 309, 312 (Ill. App. Ct. 2011); ILCS 5/143.1. "Section 143.1 is designed to protect consumers" and its purpose "is to prevent insurance companies from sitting on claims, allowing the limitations period to run and depriving insureds of their opportunity to litigate their claims in court." *Country Preferred*, 71 N.E.3d at 341. "In Illinois, the date utilized for determining the date of loss is the date on which the actual physical loss of property occurred." *Harvey Fruit Mkt., Inc. v. Hartford Ins. Co. of Illinois*, 691 N.E.2d 71, 72 (Ill. App. Ct. 1998).

Here, the Policy contains a suit limitation provision requiring that any action brought against Nationwide must be "brought within 1 year after the date on which the direct physical loss or damage occurred[,]" and echoes the statutory requirement of Section 143.1: "[t]he 1 year period for legal action against [Nationwide] is extended by the number of days between the date the proof of loss is filed with [Nationwide] and the date [Nationwide] den[ies] the claim in whole or in part." (Dkt. 22 at ¶¶ 20–21). There is no dispute that the limitations period began to run on July 23, 2017, when Heatherwood's condominiums sustained hail and wind damage, and was tolled on January 8, 2018 (169 days into the limitations period) when Heatherwood first gave Nationwide notice of its loss. The parties dispute, however, whether Nationwide actually denied Heatherwood's claim for coverage sufficient to retrigger the running of the limitations period.

Nationwide argues that its decision to exclude claimed damage to roof shingles in its coverage estimate issued on August 6, 2018 constitutes a partial denial of Heatherwood's claim, in which case, Heatherwood's complaint, filed on October 14, 2020, would be untimely. Heatherwood maintains that this communication does not constitute a denial and that the limitations period has not expired because Nationwide has yet to deny its claim.

Nationwide's August 6, 2018 letter reads: "We provided you a payment for $386,370.97. We want to let you know the next steps you should take to repair or replace your damaged property and how you can be reimbursed for replacement value covered by your policy." (Dkt. 14 at Ex. F). It goes on to provide a claim summary and explain the steps Heatherwood needs to take to be reimbursed for the difference between the replacement cost and the actual cash value Nationwide already provided. (*Id.*) Finally, the letter states Nationwide will "review all documentation [Heatherwood] sends [it] to determine the reimbursement amount" and invites Heatherwood to reach out with any questions or concerns about its claim should any arise. (*Id.*). Heatherwood argues "[n]o plain-language reading of that letter could possibly indicate that Nationwide was unwilling to further consider the claim." (Dkt. 27 at 7).

Although the August 6, 2018 letter did not explicitly say Nationwide "denied" certain losses claimed by Heatherwood, that is clearly what Nationwide did. Along with its letter, Nationwide provided Heatherwood a detailed estimate that did not include claimed damage to roof shingles. (Dkt. 14 at Ex. E, G). Nationwide also attached a copy of the Donan Report for Heatherwood's review, which concluded that "[t]he roof shingles are not hail damaged" and that "[t]he roofing and siding are not damaged by wind." (*Id.* at Ex. D, G). Nothing in the letter or accompanying documents invited Heatherwood to dispute these conclusions or the corresponding coverage amount. (*Id.* at Ex. E–F). The estimate tells Heatherwood to contact Nationwide "[i]f any hidden, or additional damage, and/or damaged items, are discovered" or if Heatherwood "determine[s] that there are additional building fees and/or permits associated with the estimated repairs, that may not be included in this estimate[,]" but there is no indication Nationwide is willing to reconsider the portions of Heatherwood's claims it already declined to include in its estimate. (*Id.* at Ex. E). Similarly, the possibility of reimbursement of replacement costs associated with the

5

approved damages, does not impact the finality of Nationwide's decision to exclude claimed roof damage from its estimate. (*Id*. at Ex. F).

Heatherwood's reliance on *Burress-Taylor v. Am. Sec. Ins. Co.*, 980 N.E.2d 679 (Ill. App. Ct. 2012) is unavailing. In that case, the plaintiff had two home insurance policies and the alleged denial letter at issue read:

> This letter is to follow up on our conversation that communicated that our policy applies as excess to any other insurance. We have required an additional copy of the policy that will be sent under separate cover. Our policy will not respond until all other insurance has been paid. A summary of the adjustment based on our policy language is below.

*Id.* at 682–83. The Illinois Appellate Court found the limitations period had not expired because "[n]othing in the letter indicates that plaintiff's claim was denied" and that "[a]t most, the letter apprises plaintiff of the status of her claim and the policy's limits." *Id*. at 686. Unlike the letter in *Burress-Taylor*, however, which explicitly expressed ambiguity about coverage responsibility and discussed the possibility of coverage eventually being paid out (after all other insurance has been paid), Nationwide's letter never discussed the possibility of Heatherwood receiving coverage for the claimed roof damage that Nationwide had already excluded from its estimate.

Moreover, after the August 6, 2018 letter, there is no evidence that Heatherwood received any communications from Nationwide regarding its claim. In fact, the first communication after August 6, 2018 evidenced in the record is a sworn proof of loss statement sent by *Heatherwood* almost a year later, on July 22, 2019. (Dkt. 14 at Ex. H). Underscoring the finality of its decision in 2018 to decline coverage of additional claimed losses, Nationwide declined to accept the statement nine days later, on July 31, 2019. (*Id*. at Ex. I). [1] Nationwide gave no indication the

---

[1] Contrary to Nationwide's arguments, the evidence does not indicate the July 31, 2019 rejection itself independently constitutes a denial of Heatherwood's initial claim. Nationwide declined to accept Heatherwood's proof of loss

claim was still open or subject to further consideration, stating only that it was "unable to accept" the statement. (*Id*.) Even if Nationwide had agreed to consider the statement, the possibility of reinvestigation or reconsideration does not detract from the definity of a previous denial. *See Vala v. Pac. Ins. Co.*, 695 N.E.2d 581, 583–84 (Ill. App. Ct. 1998).

Heatherwood made a claim for damage to roof shingles. (Dkt. 22 at ¶¶ 25, 27). The coverage amount Nationwide provided excluded that loss and Nationwide did not invite Heatherwood to dispute that exclusion. (*Id*. at ¶ 31) (Dkt. 14 at Ex. E–G). Nationwide did not provide any further communications regarding Heatherwood's claim until July 31, 2019 when it rejected Heatherwood's July 22, 2019 proof of loss statement. (Dkt. 22 at ¶¶ 38–39). Under these facts, no rational trier of fact could conclude that the August 6, 2018 did not constitute a partial denial of Heatherwood's claim sufficient to trigger the limitations period. Heatherwood's complaint, filed over two years later on October 14, 2020 is, thus, untimely.

## II. Waiver

Heatherwood argues that even if its complaint is technically untimely, the suit limitation provision does not bar its action because Nationwide waived its ability to rely on that provision by failing to provide Heatherwood with notice of the time remaining to file suit, as required by 50 Ill. Admin. Code § 919.80(d)(8)(C). "A lawsuit filed after a contractual time limitation has expired is barred unless an insurer has waived the requirement" through its conduct or representations. *Mathis v. Lumbermen's Mut. Cas. Ins. Co.*, 822 N.E.2d 543, 547 (Ill. App. Ct. 2004). "The insured may demonstrate a waiver by showing facts from which it would appear that enforcement of the provision would be unjust or unconscionable, as where the insurer dissuades the insured from

---

statement because it was unfamiliar with the sender's involvement in the claim, rather than on the merits. (Dkt. 14 at Ex. I). The communication, however, buttresses the fact that the earlier letter on August 6, 2018 was a denial of Heatherwood's claims.

filing suit by implying that it will settle the case." *Vill. of Lake In The Hills v. Illinois Emcasco Ins. Co.*, 506 N.E.2d 681, 683 (Ill. App. Ct. 1987); *see also Schmitt v. Am. Fam. Mut. Ins. Co.*, No. 1-13-1666, 2014 WL 2941147, at *9 (Ill. App. Ct. Jun. 26, 2014). Uncontroverted proof of waiver is not required, but the insured must "show that the insurer's conduct was inconsistent with an intent to insist on compliance with the provision or that the insurer's conduct unfairly induced the insured to delay filing suit." *Id*. Although waiver is ordinarily an issue for the trier of fact, where the insured presents "no facts indicating negotiation or other conduct consistent with a waiver" dismissal is appropriate. *Id*.

> Section 919.80(d)(8)(C) of the Illinois Administrative Code provides:
>
> When the period within which the insured may bring suit under a residential fire and extended coverage policy [2] is tolled in accordance with Section 143.1 of the [Insurance] Code, the company, at the time it denies the claim, in whole or in part, shall advise the insured in writing of the number of days the period was tolled, and how many days are left before the expiration of the time to bring suit.

An insurer's failure to adhere to this notice requirement "can provide a basis for the insurer's waive of a time limitation provision contained in the policy…." *Mathis*, 822 N.E.2d at 547. There is no dispute that Nationwide did not provide this notice to Heatherwood in its August 6, 2018 denial letter. (Dkt. 22 at 11, ¶ 1). Relying on *Mathis*, Heatherwood argues this failure results in waiver and estops Nationwide from relying on the suit limitation period in the Policy.

*Mathis*, however, was decided on the facts specific to that case and "by no means stands for the proposition that a failure by an insurance company to provide notice pursuant to section 919.80(d)(8)(C) of the Illinois Administrative Code necessarily results in waiver of the policy's

---

[2] The parties dispute whether the Policy at issue constitutes "a residential fire and extended coverage policy" such that Nationwide was obliged to provide the required notice. The Court, however, declines to consider this issue. Even if the Policy falls within the reach of § 919.80(d)(8)(C), for the reasons stated herein, Nationwide's failure to provide the required notice does not warrant a finding of waiver in this case.

suit limitation provision." *Schmitt*, 2014 WL 2941147, at *10. Rather, the *Mathis* court merely held that an insurer's violation of § 919.80(d)(8)(C) is "a fact that a court can consider in determining whether an insurer waived a time limitation provision when enforcement of the provision would be unjust, inequitable, and unconscionable." *Mathis*, 822 N.E.2d at 549; *see also Litton Loan Servicing, L.P. v. Allstate Indemn. Co.*, No. 1-13-0606, 2014 WL 1207868, at *11 (Ill. App. Ct. Mar. 21, 2014) (rejecting plaintiff's argument that "defendant's failure to provide such notice automatically results [in] a waiver of the limitations provision" and concluding that defendant did not waive the suit limitation provision by failing to provide notice under § 919.80(d)(8)(C)).

Heatherwood rests its laurels on *Mathis* and fails to point to any facts in the record supporting a finding of waiver. Heatherwood presents no evidence that Nationwide's conduct had any role in causing it to delay filing a suit. Rather, the record shows that if any party delayed the process, it was Heatherwood. Four days after Heatherwood provided notice of its claim on January 8, 2018, Nationwide sent a claim representative to inspect the location, and then hired a private company to conduct a more detailed inspection. (Dkt. 22 at ¶¶ 26, 28). By March 15, 2018, the private company had completed its investigation and report, and Nationwide completed its coverage estimate by August 6, 2018, in which it declined to cover roof shingle damage. (Dkt. 14 at Ex. D) (*Id*. at ¶ 33). Heatherwood waited nearly *a year,* until July 22, 2019, to dispute this denial in any way. (Dkt. 22 at ¶ 38). Nationwide did not delay in rejecting Heatherwood's proof of loss statement, nine days later. (*Id*. at ¶ 39). But Heatherwood again waited *over a year* to file suit. (*Id*. at ¶ 5). There is no evidence in the record that Nationwide sat on Heatherwood's claim to deprive it of a fair opportunity to litigate its claim. Nor did Heatherwood waiver from its decision to partially deny Heatherwood's claim, "to lull [Heatherwood] into a false sense of

9

security" that its claim may be resolved without resort to litigation. *See Mitchell v. State Farm Fire & Cas. Co.*, 796 N.E.2d 617, 621 (Ill. App. Ct. 2003); *see also Hermanson v. Country Mut. Ins. Co.*, 642 N.E.2d 857, 860 (Ill. App. Ct. 1994) ("No waiver occurs where the insurer denied liability and did nothing thereafter to indicate either that it would reconsider its decision or that it would waive the period for bringing suit."). Under these circumstances, Nationwide's failure to provide notice under § § 919.80(d)(8)(C) does not provide a sufficient basis to find that Nationwide waived its right to rely on the Policy's suit limitation provision. Because Heatherwood does not meet its burden to establish waiver, its complaint remains untimely and must be dismissed.

## CONCLUSION

For the foregoing reasons, Nationwide's motion for summary judgment [14] is granted and Heatherwood's motion for partial summary judgment [21] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: September 20, 2021